IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SYSTEM ENERGY RESOURCES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>HOLTEC INTERNATIONAL,<br><br>Intervenor. | Nos. 23-78C and 24-118C<br>(Consolidated)<br>Judge Holte<br>[redacted] |
| ENTERGY LOUISIANA, LLC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>HOLTEC INTERNATIONAL,<br><br>Intervenor. | |

**JOINT STATUS REPORT BY PLAINTIFFS AND DEFENDANT**

Pursuant to the Court's August 13, 2026 order (ECF No. 151), Plaintiffs, System Energy Resources, Inc. et al., and Entergy Louisiana, LLC, and defendant, the United States (plaintiffs and defendant sometimes collectively referred to herein as the "Parties") respectfully submit this

joint status report. Below, the Parties submit responses to the seven questions chambers posed by email on October 6, 2026, for inclusion in the joint status report.

**(1) Status of discovery issues: This includes any pending requests or disputes in the Parties' Joint Status Report. This also includes any anticipated discovery requests, such as whether additional discovery is being requested by Defendant in view of Defendant's Motion for Leave to File Amended Answer, ECF No. 160.**

The following discovery matters remain outstanding:

1. As referenced in the Parties' May 5, 2026 joint motion to stay, ECF No. 150, the United States has worked with Holtec to schedule third-party depositions of two Holtec executives – Pierre Oneid (Holtec's former Senior VP and Chief Nuclear Officer) and Krishna Singh (Holtec's CEO). Dr. Singh's deposition is scheduled for October 23, 2026, and Mr. Oneid's deposition is scheduled for October 31, 2026. The Parties do not anticipate any disputes regarding these depositions.

2. The United States and Plaintiffs are currently engaged in good faith discussions regarding two other discovery issues – the United States' inquiry into two documents on Plaintiffs' privilege log (a revised log was served on September 18, 2026), and Plaintiffs' objection to the United States' two requests for admission (served on August 19, 2026, and responded to on September 18, 2026). The United States outlined its position on these issues by letter on September 25, 2026, and the Parties held a videoconference to discuss these issues on October 6, 2026. The United States provided further clarification of its position by email on October 6, following the Parties' discussion. Plaintiffs intend to provide a final response regarding these two issues, which the United States will evaluate before determining whether to file a motion to compel.

3. Plaintiffs have requested three additional fact depositions – a 30(b)(6) deposition of the United States Department of Energy, and individual depositions of two DOE employees, Kurt Espiritu and Constance Barton (retired). The Parties agreed to schedule these depositions after all expert reports were exchanged. The Parties have further agreed to defer scheduling those depositions until the Court rules on Plaintiffs' motion to compel and the United States' cross-motion for protective order. The Parties intend to proceed with the depositions once the Court rules on the pending motions and in accordance with the Court's ruling.

4. The United States does not intend to request any additional discovery related to the United States' motion for leave to file an amended answer (ECF No. 160). The United States is prepared to proceed to trial on all issues. The United States' motion for leave to file corrected documents does not change our allegations or the grounds for our defense, as explained in that filing (ECF No. 193). The United States does not oppose plaintiffs' conditional request below for a second deposition of Dr. George and to serve additional supplemental expert reports in response to Dr. George's supplemental report.

Plaintiffs agree that any further discovery by the Government would be improper given the extensive and burdensome discovery the Government has already undertaken in this case. Plaintiffs further state that they are not presently in a position to know whether Plaintiffs will require additional discovery for several reasons. First, the status of the United States' proposed amended answer is unresolved and, as reflected in a forthcoming Motion for Leave to File Corrected Documents (ECF 160 (Motion for Leave to Amend) and the proposed amended answer (ECF 160-1 and 160-2), the allegations and underlying theory of the proposed affirmative defense appear to be in flux. Second, in the unlikely event that Plaintiffs' Cross Motion to strike the untimely and improper supplemental report from the Government's proposed expert, Dr.

Glenn George (ECF 183), is denied, Plaintiffs will require an opportunity to depose Dr. George a second time, *see* ECF 192 at 10-11 (offering to let Plaintiffs conduct such a deposition), and for their experts to supplement their reports to address Dr. George's supplemental report.

**(2) Anticipated motions: Intent of the Parties to file any additional discovery motions.**

As noted in response to the prior question, the Parties are engaged in discussions regarding two discrete discovery items – the United States' two requests for admissions and a potential dispute regarding two documents on Plaintiffs' privilege log. Depending on the resolution of the Parties' discussions, the United States may choose to file a motion to compel on those items. In discussions among the Parties, the United States committed to filing any motion to compel no later than seven days after the Parties have completed their good faith discussions.

The United States is also preparing to file a motion for spoliation sanctions under RCFC 37(e)(1). That motion is currently undergoing supervisory review within the Department of Justice. It is Plaintiffs' position that any such motion is baseless and should the United States file such a motion, Plaintiffs will vigorously oppose it.

**(3) Status of redactions: This includes the Parties' positions on Defendant's proposed redactions to ECF No. 160.**

As stated in ECF No. 191, the United States agrees with Plaintiffs' suggestion to defer resolution of the proposed redactions to ECF No. 160 (and conforming redactions to other filings) until the Court has ruled on the merits of the United States' motion for leave to file an amended answer. The Parties believe that, once the Court has ruled on the motion itself, the Parties will likely be in a better position to reach agreement on the appropriate scope of redactions.

At this point, the Parties have not yet filed redacted versions of the following documents, pending the Court's direction on ECF No. 160: ECF Nos. 160, 163, 166, 175, 180, 184, 185, 186, 189, and 191. The Parties are still discussing potential redactions to ECF Nos. 176, 177, 183, and 192.

**(4) Status of consolidation: The Parties' understandings, following discovery, of any distinct issues between Cases 23-78 and 24-118, and whether these cases can be fully consolidated.**

The parties agree that full consolidation of both cases for trial is appropriate, given the substantial overlap of issues of fact, issues of law, and witnesses..

**(5) Status of settlement discussions: Description of the Parties' meet and confer activities and settlement discussions.**

<u>The United States' Position</u>: The Parties engaged in active settlement discussions between April and June. The Parties then focused on the completion of expert discovery. Active settlement discussions resumed on October 2, 2026, [redacted] The United States presented a high-level settlement proposal on June 16, 2026, [redacted].

<u>Plaintiff's Position</u>: Plaintiffs disagree with the Government's characterization of settlement activities and provide the following details regarding those discussions:

a. May 8, 2026: the Government transmitted [redacted] to Plaintiffs. [redacted]
b. June 11: Plaintiffs sent a response to the Government's settlement [redacted]
c. June 16: The Government replied to Plaintiffs' June 11 letter.

d. June 17: Counsel for the Government and Plaintiffs held a meeting to discuss settlement.
e. June 23: Plaintiffs sent the Government a letter with an updated position on settlement. [redacted]. The Government did not respond to Plaintiffs' communication verbally or in writing, and did not request any further settlement dialog with Plaintiffs.
f. August 24: Plaintiffs sent correspondence to the Government inquiring whether the Government intended to respond to Plaintiffs' June 23 settlement communications.
g. August 25: The Government responded to Entergy's August 24 query [redacted]
h. On July 16, 2026, August 17, 2026, and October 2, 2026, Plaintiffs and the Government engaged in in-person discussions concerning these cases. The parties discussed settlement at the August 17 and October 2 meetings. In the October 2, 2026, meeting, Plaintiffs verbally presented a settlement proposal which the parties discussed. [redacted]

**(6) Scheduling Oral Argument.**

United States' Position:

The United States defers to the Court's preference on the timing and scope of oral argument. To the extent the Court is seeking the Parties' input on how to most efficiently structure oral argument on the various outstanding motions, the United States offers these views.

1. Plaintiffs' motion to compel 30(b)(6) testimony and the United States cross-motion for protective order would benefit from a prompt argument, even if separated from the other issues. Once the Court resolves the Parties' disputes, the Parties will need to coordinate timing for the depositions, which will include one retired DOE employee, Constance Barton.

2. To the extent the United States finds it necessary to file a motion to compel on the two items discussed above (Plaintiffs' responses to RFAs and a dispute over two documents on

Plaintiffs' privilege log), those issues are not time-sensitive and can be addressed at any point, even if after the Court addresses the other pending and anticipated motions.

3. As discussed above, the United States believes the Court can defer any argument on the Parties' redaction disputes until after the Court rules on the United States' motion for leave to file an amended answer.

4. There are three sets of pending and anticipated motions that could all materially impact the scope of any trial and would likely benefit from a single consolidated argument: the United States' motion for leave to file an amended answer and Plaintiffs' cross-motion to strike; Plaintiffs' motions to strike Dr. George's initial and supplemental expert reports, and the United States' motion to stay consideration of Plaintiffs' motion to strike until pretrial motions *in limine*; and the United States' anticipated motion for spoliation sanctions. Resolution of these motions will all have a material impact on the scope of trial and likely should be considered together in one consolidated argument, if feasible. If the Court accepts this proposal, the United States suggests completing briefing on the United States' forthcoming motion for spoliation sanctions before scheduling argument. In addition, the United States would ask the Court to first resolve the United States' motion to stay briefing on the motion to exclude Dr. George. If the Court intends to address the merits of Plaintiffs' motion to exclude Dr. George now, before the pretrial motions *in limine*, then the United States would need to file a substantive response before oral argument on these broader issues could be held.

Taking the above points into account, the United States proposes the following sequence:

- Prompt oral argument on Plaintiffs' motion to compel and the United States' cross-motion for protective order.

- Completion of briefing on the United States' motion for spoliation sanctions and (if ordered by the Court) Plaintiffs' motion to exclude Dr. George.
- Consolidated argument on the United States' motion for leave to file an amended answer, the United States' motion for spoliation sanctions, Plaintiffs' motion to strike Dr. George's supplemental report, and (if ordered) Plaintiffs' motion to exclude Dr. George.
- Subsequent argument, if necessary, in response to a potential United States' motion to compel regarding Plaintiffs' RFA responses and privilege log, as well as subsequent argument, if necessary, to the extent the Parties are unable to reach agreement on redactions after the Court rules on the United States' motion for leave to file an amended answer.

Plaintiffs' Position

Plaintiffs likewise defer to the Court's preference on the timing and scope of oral argument. However, Plaintiffs suggest a date for oral argument be set in early December if the Court is in agreement.

To the extent the Court is seeking the Parties' input on how to most efficiently structure oral argument on the various outstanding motions, Plaintiffs offers these views.

1. Plaintiffs agree with the United States that "Entergy's motion to compel 30(b)(6) testimony and the United States cross-motion for protective order would benefit from a prompt argument," that the Government's contemplated motion to compel (regarding its RFAs and a privilege log issue) is not time-sensitive, and that the Court should defer argument on redaction issues until after it rules on the United States' motion for leave to amend.

2. There are currently three motions related to the Government's proffered expert, Dr. Glenn George, that are either already, or within the next week will be, fully briefed and ripe for decision:

   a. Plaintiffs' Motion to Exclude Dr. George's testimony. The Government's opposition to this motion was due on September 28, 2026. This deadline has never been extended by agreement or order of this Court. The Government did not timely oppose Plaintiffs' Motion. Plaintiffs' position is that the Government has waived its opportunity to oppose the Motion to Exclude Dr. George, which can and should be granted as unopposed. *See* RCFC 6.1 (requiring that motions for additional time seek extensions for a specific number of days that terminate on a date certain—and the rule that "the filing of a motion for extension does not serve to toll the scheduled due date nor does it automatically serve to extend that due date until such time as the court rules on the extension motion." *Louisiana-Pacific Corp. v. U.S.*, 2 Cl. Ct. 743, 745 (Cl. Ct. 1983); *see also Monbo v. United States*, No. 24-CV-1683, 2025 WL 869037, *4-*5, *8 (Fed. Cl. Mar. 19, 2025) (In the context of party who had filed motions to stay a briefing schedule, "[t]he Court stresses to Plaintiff that she must respond to Defendant's Motion to Dismiss absent an Order issued by this Court indicating otherwise.").

   b. The Government's Motion to Stay its Deadline to Response to Plaintiffs' Motion to Exclude Dr. George (ECF 178). Plaintiffs' position is that this Motion is moot because the deadline for the Government to respond to the Motion to exclude Dr. George (ECF 176) has already passed. As a result, this motion is ripe to be denied.

c. Plaintiffs' Cross-Motion to Strike Dr. George's Supplemental Report (ECF 183). Plaintiffs' position is that the Government's failure to timely respond to the motion to exclude Dr. George's initial testimony necessarily means that Plaintiffs' Motion to Strike must be granted. S*ee e.g., Est. of Cape v. United States*, No. 11–C–0357, 2013 WL 4522933, at *5 (E.D. Wis. Aug. 27, 2013) ("Because the court finds that Szidon's October 2012 report must be excluded there is nothing for Szidon to supplement."); *In re. Bear Stearns Companies, Inc. Securities, Derivatives, and ERISA Litig.*, 263 F. Supp. 446, 449-453 (S.D.N.Y. 2017) (striking "supplemental" report that constituted an "attempt to resuscitate Finnerty's [previously excluded] report [and] is improper"); *see also Brooks v. Gen. Cas. Co.*, No. 06–C–996, 2007 WL 7055475, at *4 (E.D .Wis. Dec. 12, 2007) ("the rule [Fed. R. Civ. P. 26(e)] contemplates supplementation of an already sufficient report"). Because an order granting Plaintiffs' motion to exclude Dr. George's original testimony would simultaneously resolve Plaintiffs' motion to strike Dr. George's supplement, the Motion to exclude should be decided first. Plaintiffs are due to submit one additional brief related to this Motion to Strike on October 15, 2026.

Plaintiffs strongly disagree with the Government's suggestion that the Court should delay resolution of the issues regarding the admissibility of and scope of Dr. George's testimony for several reasons:

a. until the Court resolves the status of Dr. George's testimony, the Parties cannot know whether expert discovery has concluded or whether additional discovery related to Dr. George's supplemental report remains outstanding;

b. the Government put Dr. George's testimony at issue in its Motion for Leave to Amend, so the admissibility of Dr. George's testimony should be resolved before that Motion is decided; and

c. resolving the admissibility of Dr. George's testimony will potentially streamline the case, narrow the issues in dispute, and inform future settlement discussions.

   - Thus, to the extent that the Court believes that argument concerning these issues related to Dr. George's testimony would be helpful, such argument should be held sooner, rather than later.

**(7) Any other issues.**

The United States' Position

To the extent the Court wishes to set a trial date, the United States proposes that the Court set aside a three-week window beginning no earlier than April 5, 2027. The United States anticipates that would provide sufficient time for the Court to resolve all of the pending motions and for the Parties to complete the pretrial process outlined in Appendix A of the Court's rules.

Plaintiffs' Position

Plaintiffs intend to file a summary judgment motion and request entry of a briefing schedule. Any trial date will need to be after this motion is fully briefed and decided. Plaintiffs lack sufficient information at the present time to opine as to whether a trial date in April of 2027 would be appropriate or too early. Plaintiffs agree that three weeks should be set aside for the trial, though less time may be sufficient, depending on pretrial motion practice.

This the 9th day of October, 2026.

Respectfully submitted,

s/Charles E. Ross
Charles E. Ross
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600
Jackson, MS 39201
P.O. Box 651
Jackson, MS 39205-0651
Tel: (601) 968-5500
Fax: (601) 944-7738
cer@wisecarter.com
Counsel of Record for *System Energy Resources, Inc., et. al.* Plaintiffs

s/Robin F. Bromberg
Robin F. Bromberg
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280
Suite 350E
Mountain Brook, Alabama 35223
Tel: (205) 783-5752
robin@langleybromberg.com
Counsel of Record for Plaintiff *Entergy Louisiana, LLC*

OF COUNSEL:
Samuel O. Morris IV
**ENTERGY SERVICES, LLC**
1340 Echelon Parkway
Jackson, MS 39213
Tel: (601) 368-54769
Fax: (601) 368-5666
Smorri5@entergy.com

Christopher C. Coleman
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600
Jackson, MS 39201
P.O. Box 651
Jackson, MS 39205-0651
Tel: (601) 968-5500
chc@wisecarter.com

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

LISA L. DONAHUE
Assistant Director

s/Evan Wisser
EVAN WISSER
Senior Trial Counsel
NATALEE A. ALLENBAUGH
DANIEL D. FALKNOR
KRISTIN E. OLSON
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-3682
Email: evan.wisser@usdoj.gov
*Attorneys for the United States*

Eric B. Langley
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280
Suite 350E
Mountain Brook, Alabama 35223
Tel: (205) 783-5752
robin@langleybromberg.com
Counsel of Record for Plaintiff
*Entergy Louisiana LLC*

Jennifer Quinn-Barabanov
David Marcou
**STEPTOE, LLP**
1330 Connecticut Avenue NW
Washington, DC 20036
202-429-3000
jquinnba@steptoe.com
dmarcou@steptoe.com