IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SYSTEM ENERGY RESOURCES, INC., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

and

HOLTEC INTERNATIONAL,

Intervenor.

ENTERGY LOUISIANA, LLC.

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

HOLTEC INTERNATIONAL,

Intervenor.

Nos. 23-78C and 24-118C
(Consolidated)
Judge Holte

**DEFENDANT'S MOTION FOR LEAVE TO FILE CORRECTED DOCUMENTS**

Pursuant to Rule 7.2(a)(2) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully submits this reply in support of our motion (ECF No. 193) for leave to file corrected versions of ECF No. 160 (defendant's motion for leave to file an amended answer) and ECF No. 180 (defendant's reply in support of motion for leave to file an amended answer).

The motion explained that, after discussions with counsel for Holtec, counsel for the United States agreed to make certain corrections to these filings to clarify that the United States was not alleging in those filings any intent to defraud on the part of Holtec. Holtec and Entergy consented to the motion, but Entergy nonetheless filed a response. ECF No. 197. The United States files this brief reply addressing the points raised in Entergy's response.

First, Entergy contends that the motion "does not accurately disclose the errors that are being remedied," relying on Entergy's unspecified "understanding" that "these corrections were prompted by Holtec's demand that the Government withdraw these allegations because they were not supported by evidence in the record or any reasonable inference that could be drawn therefrom," and that "[i]n an apparent concession regarding the lack of evidentiary support for its claims, the Government acceded to Holtec's demands." ECF No. 197 at 2. Entergy then suggests that the United States' alleged misstatement of the reasons for our motion to correct further supports Entergy's contention that the United States' motion for leave to amend our answer was filed in bad faith. *Id.* at 3-4.

Entergy is mistaken. As discussed at the October 22, 2026 status conference, the United States' motion for leave to file corrected documents described the United States' reasons for filing the motion. The motion arose from a series of written and verbal correspondence between counsel for Holtec and counsel for the United States, none of which included counsel for Entergy. Before filing the motion to correct, counsel for Holtec reviewed and concurred in the specific language of the United States' motion. Entergy is incorrect that the United States' reasons for filing the motion were different than what the United States stated in the motion.

Second, Entergy contends that the motion for leave to file corrected documents further supports Entergy's position that our fraud allegations fail to meet the heightened pleading

standards of RCFC 9(b). ECF No. 197 at 4-6. In so doing, Entergy rebuts a fraud theory that the United States has not made – that Holtec and Entergy agreed to a *quid pro quo* – and ignores the theory presented by the United States in our motion for leave to amend – that Entergy chose to falsify its nonbid justification document to recover otherwise unrecoverable costs. Entergy suggests that by clarifying that the United States does not allege any intent to defraud by Holtec, we have fatally undermined the United States' supposed theory that Holtec and Entergy agreed to a *quid pro quo* in which Entergy would pay inflated dry fuel storage costs as part of a larger bargain over the sale of northern fleet plants from Entergy to Holtec. *Id.* at 4-5. The United States' proposed answer does not allege such a *quid pro quo*; Entergy is the only party apparently suggesting that possible read of the evidence.

To be clear, the United States has not alleged here the existence of an affirmative *quid pro quo* agreement between Holtec and Entergy linking the southern fleet dry fuel storage contract and the northern fleet plant sales. Thus, there is no such theory to be undercut, as Entergy contends. The United States alleges, and the discovery record proves, that Entergy knew Holtec's prices were unreasonably high, but that Entergy agreed to pay those prices based on two considerations that were internal to Entergy: (1) [redacted], and (2) [redacted]. The United States does not allege that these were improper business concerns for Entergy. Rather, we allege that these reasons for accepting Holtec's inflated prices prevent Entergy from recovering the full amounts paid to Holtec as part of this lawsuit, which Entergy understood at the time. As a result, rather than accepting the risk of partial recovery or

nonrecovery for the Holtec payments as part of this lawsuit, Entergy chose to falsify its nonbid justification document, [redacted] and adding several additional reasons that the evidence shows were never part of Entergy's decision-making process or were considered and rejected by Entergy earlier in the evaluation of Holtec's proposal. This theory of fraud – rather than the alternative *quid pro quo* theory offered by Entergy but never suggested by the United States in our pleading – remains legally sound and supported by the discovery record. The requested corrections to our motion briefing and proposed pleading have no bearing on this specific fraud theory advanced by the United States.

For these reasons and the reasons stated in our motion, we respectfully request that the Court grant this motion for leave to file corrected documents as described in ECF No. 197.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

LISA L. DONAHUE
Assistant Director

s/Evan Wisser
EVAN WISSER
Senior Trial Counsel
NATALEE A. ALLENBAUGH
DANIEL D. FALKNOR
KRISTIN E. OLSON
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-3682

Email: evan.wisser@usdoj.gov
*Attorneys for the United States*

Dated: October 28, 2026

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 28th day of October, 2026, I sent via email a copy of the foregoing document to plaintiff's counsel, pursuant to paragraph 2 of the Court's Amended General Order No. 2026-01.

s/Evan Wisser____________________