**Redacted Version**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **SYSTEM ENERGY RESOURCES, INC., *et al.*,**<br><br>Plaintiffs,<br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant,<br>and<br><br>**HOLTEC INTERNATIONAL, LLC,**<br><br>Intervenor. | No. 23-78C and 23-118 (Consolidated)<br><br>Judge Holte |
| **ENTERGY LOUISIANA, LLC,**<br><br>Plaintiff,<br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant,<br>and<br><br>**HOLTEC INTERNATIONAL, LLC,**<br><br>Intervenor. | |

**PLAINTIFFS' REPLY IN SUPPORT OF CROSS MOTION TO STRIKE THE GOVERNMENT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiffs respectfully submit this reply in support of their Cross-Motion to Strike[1] pursuant to Court of Federal Claims Rule 7.2(a)(2) and hereby move for leave to file a short sur-reply,

[1] Capitalized terms are used as defined in Plaintiffs' Response in Opposition to the Government's Motion for Leave to File Amended Answer (Dkt. 175).

attached as Exhibit A hereto, to address new evidence not previously disclosed and new arguments raise for the first time in the Government's Reply in support of its Motion.

## I. REPLY IN SUPPORT OF CROSS-MOTION TO STAY

Plaintiffs Cross-Motion requests that the Court exercise its inherent authority to manage its own docket to strike the Motion and proposed Amended Answer. The Government does not dispute that the Court has "inherent . . . authority to strike" such materials from its docket. *Hardy v. United States*, 153 Fed. Cl. 624, 627 (2021) (citation omitted).

Accordingly, the Government's contention that the Court cannot strike these submissions because they are not pleadings is misplaced. While Plaintiffs cite RCFC 12(f) by analogy, they do not rely on it.

Because the Government's Motion is futile, as Plaintiffs have demonstrated, and the inflammatory, unsubstantiated and scandalous allegations contained in the Motion and proposed Amended Answer are false, misleading, and appear designed to attack Plaintiffs' reputation, the Court should direct the Clerk to strike these documents from the CM/ECF filing system. *See, e.g.*, *Clearmeadow Investments, LLC v. United States*, 86 Fed. Cl. 30, 33 (2009) (striking as relief); *Geospatial Tech. Assocs. v. United States*, No. 16-346C, 2024 WL 3771120, at *6–7 (Fed. Cl. Aug. 12, 2024).

The Government incorrectly suggests that Plaintiffs citation to *Arunachalam v. Int'l Bus. Machines Corp.*, 989 F.3d 988 (Fed. Cir. 2021) is somehow inherently deficient because it involved a *pro se* plaintiff. *See* Dkt. 180 at 18 (arguing that the Government's Motion should not be compared to a *pro se* filing containing "offensive and irrelevant material"). For the purposes of Plaintiffs' Cross-Motion, the relevant inquiry is not *who* submitted a filing, but *what* it contains. Any comparison between the Government's Motion and proposed pleading and the *Arunachalam pro se* filing stems from the Government's choice to pursue a legally flawed affirmative defense

based on spurious allegations which, even after the close of fact discovery, lack evidentiary support.

Contrary to the Government's claim, this reply on the Cross-Motion does not "largely recapitulate the arguments" made in opposition to the Motion, and for that reason, *Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 681, 690 (2006) is inapposite.

## II. PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY

Plaintiffs seek the Court's leave to file a short sur-reply (attached here as **Exhibit A**) in response to the Government's Reply, to address: (1) new evidence that arose after Plaintiffs filed their opposition to the Government's Motion; and (2) new arguments raised by the Government for the first time on Reply. Neither could have been addressed in Plaintiffs' opposition. Either provides a basis to grant Plaintiffs' request.

Where new arguments and new evidence are at issue, a sur-reply provides an important opportunity to respond. *Cf. Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) ("But when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence."); *Winnemucca Indian Colony v. United States*, 167 Fed. Cl. 396, 422 (2023) ("A surreply is appropriate when a party raises new arguments for the first time in a reply brief, thus depriving the opposing party the opportunity to respond.") (*citing Hardy*, 153 Fed. Cl. at 628). This "rule is rooted in fairness considerations." *Jimenez v. United States*, 179 Fed. Cl. 631, 643 (2026) (citing *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)).

Here, fairness dictates that Plaintiffs be given an opportunity to respond to new arguments and new facts raised since they filed their opposition to the Government's Motion.

The Government inexplicably and unjustifiably omitted any discussion *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348 (Fed. Cir. 2013), *op. corrected*, 563 F. App'x 769 (Fed. Cir. 2014), from the Motion, even though it is on point, binding authority that precludes the proposed affirmative defense. Plaintiffs have not yet had an opportunity to respond to the Government's misinterpretation of the case and should be given a chance to do so. In addition, the Government alleges new facts in its Reply that are not supported by the Amended Pleading itself. And finally, the Government has filed supplemental disclosures that call into question its candor (yet again) – here, about the impact of the proposed amendment on discovery and the scope of the litigation.

For the foregoing reasons, Plaintiffs' cross-motion to strike should be granted, and the Court should grant Plaintiffs' leave to file a sur-reply to the Government's Reply.

THIS the 25th day of September 2026.

Respectfully submitted,

*/s/Charles E. Ross*
Charles E. Ross
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600
Jackson, MS 39201
P.O. Box 651
Jackson, MS 39205-0651
(601) 968-5500
cer@wisecarter.com
*Counsel of Record for Plaintiffs System Energy Resources, Inc., Cooperative Energy, a Mississippi electric cooperative f/k/a South Mississippi Electric Power Association, and System Fuels, Inc.*

*/s/Robin F. Bromberg*
Robin F. Bromberg
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 350E
Birmingham, Alabama 35223
(205) 783-5752
robin@langleybromberg.com
*Counsel of Record for Plaintiff Entergy Louisiana, LLC*

**OF COUNSEL**
Samuel O. Morris IV
**ENTERGY SERVICES INC.**
1340 Echelon Parkway
Jackson, MS 39213

Jennifer Quinn-Barabanov
David Marcou
**STEPTOE, LLP**
1330 Connecticut Avenue NW

(601) 368-5476
Smorri5@entergy.com

Eric B. Langley
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 350E
Birmingham, Alabama 35223
(205) 783-5751
eric@langleybromberg.com

Washington, DC 20036
202-429-3000
jquinnba@steptoe.com
dmarcou@steptoe.com

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(d)(1)(A) of the Rules of the Court of Federal Claims, I, Charles E. Ross, counsel of record for Plaintiffs System Energy Resources, Inc., Cooperative Energy, a Mississippi electric cooperative f/k/a South Mississippi Electric Power Association, and System Fuels, Inc. (hereinafter, collectively, the "*SERI* Plaintiffs"), and I, Robin F. Bromberg, counsel of record for Entergy Louisiana, LLC (along with the *SERI* Plaintiffs, collectively, the "Plaintiffs") do hereby certify that we have this date caused to be served, via electronic correspondence, a true and correct copy of Plaintiffs' sealed Reply in Support of Cross Motion to Strike the Government's Motion for Leave to File Amended Answer and Motion for Leave to File Sur-Reply on the following parties in the above-styled and numbered consolidated causes and their counsel:

EVAN WISSER
Senior Trial Counsel
DANIEL FALKNOR
Trial Attorney
Commercial Litigation Branch
Civil Division
DEPARTMENT OF JUSTICE
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-3682
Email: evan.wisser@usdoj.gov
*Attorneys for Defendant*

William M. Sullivan, Jr.
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
202-663-8027
Fax: 703-770-7901
wsullivan@pillsburylaw.com
*Attorney for Intervenor Holtec International*

THIS the 25th day of September 2026.

Respectfully submitted,

*/s/Charles E. Ross*
Charles E. Ross
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600
Jackson, MS 39201
P.O. Box 651
Jackson, MS 39205-0651
Tel: (601) 968-5500
Fax: (601) 944-7738
cer@wisecarter.com
*Counsel of Record for Plaintiffs System Energy Resources, Inc., Cooperative Energy, a Mississippi electric cooperative f/k/a South Mississippi Electric Power Association, and System Fuels, Inc.*

*/s/Robin F. Bromberg*
Robin F. Bromberg
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 350E
Birmingham, Alabama 35223
(205) 783-5752
robin@langleybromberg.com
*Counsel of Record for Plaintiff Entergy Louisiana, LLC*

[redacted]

# Exhibit A

## Plaintiffs' Reply in Support of Cross-Motion to Strike and Motion for Leave to File Sur-reply

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **SYSTEM ENERGY RESOURCES, INC., *et al.*,**<br><br>Plaintiffs,<br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant,<br>and<br><br>**HOLTEC INTERNATIONAL, LLC,**<br><br>Intervenor. | No. 23-78C and 23-118<br>(Consolidated)<br><br>Judge Holte |
| **ENTERGY LOUISIANA, LLC,**<br><br>Plaintiff,<br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant,<br>and<br><br>**HOLTEC INTERNATIONAL, LLC,**<br><br>Intervenor. | |

**PLAINTIFFS' [PROPOSED] SUR-REPLY TO GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER**

Plaintiffs submit this sur-reply to address two new issues raised in the Government's Reply in Support of the Government's Motion For Leave to File Amended Answer. *See* Dkt. 180 ("Reply").

## I. NEW EVIDENCE BELIES THE GOVERNMENT'S CLAIM THAT THE AMENDMENT WOULD NOT PREJUDICE PLAINTIFFS

New facts have arisen since Plaintiffs filed their opposition to the Government's Motion that raise substantial questions about the Government's candor regarding whether the proposed amendment would expand the scope of the case and lead to requests for additional discovery and prejudice Plaintiffs.

In its Motion, the Government intimated that the need for additional discovery was speculative or that such discovery would be minimal. *See* Motion at 20 ("To the extent this amendment requires additional trial preparations . . ."). Plaintiffs argued in their opposition that no additional discovery was necessary to *deny* the Motion—to which the Government had no response. *See* Dkt. 175 at 14; *see generally* Reply. In the Reply, the Government misleadingly argues that Plaintiffs' will not be prejudiced by an amendment because "nearly all the evidence the United States intends to offer in support of our forfeiture defense will also be introduced at trial to support our other defenses to Entergy's claim for recovery of the Holtec cask costs." Reply at 6-7.

But on September 16, 2026, just two days before filing the Reply, the Government served Plaintiffs with supplemental disclosures identifying thirteen new individuals with purported knowledge related to the Northern Fleet—signaling that the Government plans to pursue additional discovery that is solely relevant to the Government's meritless proposed forfeiture defense.[1] There is likely no more telling admission that the Government lacks evidence to support the proposed affirmative defense than its laying the groundwork for an effort to obtain

[1] *See* [Proposed] Exhibit 1, Defendant's Third Amended Initial Disclosures, No. 23-78C (Sept. 15, 2026) (individuals 36-48); [Proposed] Exhibit 2, Defendant's Second Amended Initial Disclosures, No. 24-118 (Sept. 15, 2026) (individuals 34-46).

even more discovery, despite already having taken more than thirty depositions, and having already asked multiple witnesses about whether there was a connection between the sale of the northern fleet and the prices paid under the 2020 Holtec GSA.

Efforts to amend pleadings after the close of fact discovery, like the Government's Motion here, present the "classic situation in which courts deny leave to amend." *King v. United States*, 119 Fed. Cl. 51, 55 (2014) (*quoting In re Ameritech Corp.*, 188 F.R.D. 280, 288 (N.D. Ill. 1999)). The Government has taken almost "two years of additional extensive discovery," yet failed to find evidence of fraud. Motion at 4. Its supplemental disclosures strongly suggest that the Government hopes to broaden the scope of this case to allow it to pursue yet more. The prejudice to Plaintiffs associated with this belated amendment is clear; the Motion should be denied. *Cf. Cooke v. United States*, 79 Fed. Cl. 741, 742–43 (2007) ("Undue prejudice may be found when an amended pleading would cause unfair surprise to the opposing party, unreasonably broaden the issues, or require additional discovery.").

## II. THE GOVERNMENT' INTERPRETATION OF *KBRII* IS MISGUIDED AND FAILS TO AVERT THE CONCLUSION THAT THE PROPOSED AMENDMENT IS FUTILE

For the first time in its Reply, the Government addresses *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348 (Fed. Cir. 2013) (internal citation and quotation omitted) (hereinafter "*KBR II*"), *op. corrected*, 563 F. App'x 769 (Fed. Cir. 2014). The Government asserts, incredibly, that it omitted any discussion of this binding Federal Circuit precedent in favor of "more directly relevant appellate precedents concerning the scope and application of section 2514." Reply at 13. Not so.

The Government's refusal to engage with *KBR II* in its Motion was not only improper, but also tacitly acknowledges that it cannot be reconciled with the Government's theory of limitless forfeiture liability. The central holding of *KBR II* is that Section 2415 is not a "catch-all

anti-fraud provision." *KBR II*, 728 F.3d at 1366. To be actionable under Section 2514, the fraud at issue **must be** in the "proof, statement, establishment or allowance" of a claim, not in contract execution. *Id.* Here, the Government's proposed forfeiture defense is based on allegedly fraudulent representations and omissions in an internal, pre-contractual document—the Non-Bid Justification ("NBJ")—which was temporally distant from contract execution and even more so from claim submission. This is precisely the kind of claim, one based on an allegedly "fraud-tainted" contract, that *KBR II* foreclosed.

In *KBR II*, the Government alleged that a Section 2514 a claimant "knew or had reason to know" its employees' conduct in accepting kickbacks would "would lead to inflated contract prices." *Id.* at 1366 n.19. Here, the Government claims that "Entergy knew it was paying inflated costs to Holtec" and somehow attempted to obscure that fact through the NBJ—which is not a contract and [redacted] Reply at 13. For the purposes of Section 2514 liability, there are no material distinctions between the *KBR II* allegations and those at issue here. The Federal Circuit's reasoning forecloses both as a basis for a Section 2514 defense. *See id.* at 1366. Even if the Government's allegations were true (and Plaintiffs vigorously maintain they are not), under *KBR II*, the Government alleges that Plaintiffs engaged in inactionable pre-claim fraud, "not fraud in the submission of a claim." *KBR II*, 728 F.3d at 1366.

The Government claims that it has solved for *KBR II* because it alleges that "Entergy falsified the NBJ to ensure that it could recover in this lawsuit the full amount of the inflated Holtec costs." Reply at 13. But on this point, the Government fails twice over.

***First***, the Government's alleged nexus between the NBJ and future efforts to obtain reimbursement fails to distinguish the proposed forfeiture defense here from the one found to be deficient in *KBR II*. The "fraud-tainted contracts" in *KBR II* were undoubtedly "falsified . . . key

justification document[s]" necessary "to ensure that [claimants] could recover" their claims. *See KBR II*, 728 F.3d at 1366. The KBR contracts, like the NBJ, were prepared for an internal audience and purpose and are not part of the "proof, statement, establishment, or allowance" of a claim under Section 2514.

***Second***, the Government has substantially and disingenuously overstated not just the record but its own allegations. The Government claims to have alleged "[redacted] a nonbid justification form that contained materially false statements or other omissions[,]" that these individuals had "actual knowledge" of these false statements, that they "knew that . . . the proposal information submitted by Holtec was likely insufficient to support a claim for reimbursement[,]" and that they knew that "Entergy intended to rely on the nonbid justification as part of its proof in these cases to support its recovery for the amounts Entergy paid for the Holtec dry fuel storage cask systems." Reply at 10-11.

The Amended Answer is bereft of factual allegations that correspond to these assertions. Although the Government represents in its Reply that its pleadings satisfy RCFC 9(b) on the strength of their specific allegations as to each of these individuals, a review of the roughly 30 paragraphs identified by the Government as evidencing these allegations shows nothing of the kind. *See* Reply at 10-11 (citing Dkt. 160-2 at ¶¶ 85, 102-03, 113, 116, 122, 124-25, 135, 140, 152-71). To start, [redacted] rarely appear in these select paragraphs of the Amended Answer. In fact, the allegations concerning [redacted] are so lacking that the Government appears to have preemptively ceded the inadequacy of their pleadings. *See* Reply Motion at 11 (claiming that the Government has satisfied RCFC 9(b) but conceding that [redacted] which forms the entire

basis for the Government's allegations [redacted] before pivoting to focus on other individuals). And, while the Government makes scattered references to what [redacted] knew in summing up its allegations, *see, e.g.*, Dkt. 160-2 at ¶¶ 164, 168, 170, there are no factual allegations in those portions of the Amended Answer or elsewhere connecting [redacted] to the allegedly fraudulent representations or omissions in the NBJ; establishing they had "actual knowledge" of the falsity of these statements; showing that they "knew" the Holtec proposal was somehow deficient; or demonstrating that they "knew Entergy intended to rely" on the NBJ to support its claims. While [redacted] name appears more frequently than the others in the Government's pleadings, the factual allegations against him fall short in the same way: there is nothing to substantiate the Government's specific claims about what [redacted].

In short, the Government's Reply attempts to replead its proposed amended answer, providing the appearance of greater specificity as to [redacted] that that not only fails to match the actual allegations of the proposed amended answer but also remains insufficient to satisfy the requirement of individual as opposed to collective scienter required by Section 2514.

The most common "name" in the 30 paragraphs identified by the Government (after [redacted] are generic references to "Entergy executives," "Entergy staff," "Everyone involved at Entergy," "the executives," "Entergy leadership," and so on. This is an admission that the Government lacks the proof to support the proposed forfeiture claim. Under RCFC 9(b), these catch-all statements apply to nobody. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328–29 (Fed. Cir. 2009) (pleadings that referred to the "agents and/or attorneys" of an entity, but "fail[ed] to name the specific individual" who acted with the required knowledge and

intent, failed to satisfy RCFC 9(b)); *United States v. Sci. Applications Int'l Corp.*, 626 F.3d 1257, 1274 (D.C. Cir. 2010) (finding that where a showing of specific intent is required, "'collective knowledge' provides an inappropriate basis for proof of scienter because it effectively imposes liability . . . for a type of loose constructive knowledge that is inconsistent" with statutory language imposing a high bar to punishment).[2]

RCFC 9(b) requires the Government plead the "who, what, when, where, and how" of the alleged fraud—the "particularized factual bases" for its claims with "sufficient underlying facts" to support a reasonable inference of scienter. *Exergen Corp.*, 575 F.3d at 1326–28. And the Government's pleadings must "contain explicit rather than implied expression of the circumstances constituting fraud." *King Auto., Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010 (C.C.P.A. 1981). The Government's amplification of its underlying allegations in its Reply rather than the proposed pleading is improper and ultimately, unavailing.

The proposed forfeiture defense is futile; therefore, the Government's Motion should be denied without opportunity to replead.

*Signature Block and Certificate of Service to be added if leave is granted.*

---

[2] "*Exergen*'s pleading requirements apply to all claims under Rule 9(b)[.]" *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011).

[redacted]

# Exhibit 1

## Plaintiffs' Sur-reply to Government's Reply in Support of Motion for Leave to File Amended Answer

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SYSTEM ENERGY RESOURCES, INC, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

and

HOLTEC INTERNATIONAL,

Intervenor.

No. 23-78C
Judge Holte

DEFENDANT'S THIRD AMENDED INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1)(A) of the Rules of the United States Court of Federal Claims, defendant, the United States, provides the following amended initial disclosures. The United States reserves the right to amend or supplement these disclosures.

A. Individuals Likely To Possess Discoverable Information Upon Which Defendant May Rely In Support Of Its Defenses

The United States provides this updated list of individuals likely to have discoverable information that we may use to support our claims or defenses. As discovery is ongoing, we will continue to supplement this list as new information arises. We also refer plaintiffs to the witnesses already identified on plaintiffs' disclosures, to the extent not duplicated here.

1. **Constance Barton**
c/o Evan Wisser
U.S. Department of Justice

Ms. Barton is the former Contracting Officer and former Director of the Office of Standard Contract Management at the U.S. Department of Energy who has knowledge about DOE positions regarding contractual obligations, status of DOE performance, future DOE performance, and other relevant DOE activities. In addition, Ms. Barton has knowledge of payments made to nuclear power plant owners under settlement agreements for breach of the Standard Contract.

2. **Kurt Espiritu**
c/o Evan Wisser
U.S. Department of Justice

Mr. Espiritu is a Supervisory Nuclear Utility Specialist in the Office of Standard Contract Management at the U.S. Department of Energy. He has knowledge of payments made to nuclear power plant owners under settlement agreements for breach of the Standard Contract.

3. **Bobby Dennis**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Dennis is a current Entergy employee identified as DFS Project Manager, Senior Staff who may have knowledge about development, construction and implementation of dry fuel storage at Grand Gulf Nuclear Station ("Grand Gulf"); plant modifications or other activities necessary to support dry storage; oversight of contracts and labor related to dry fuel storage and related supporting activities, purchase and upgrade of ancillary equipment to support dry storage.

4. **Kathryn Marshall**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Ms. Marshall is a current Entergy employee identified as Reactor Engineer, Dry Fuel Storage who may have knowledge about spent fuel management including, but not limited to, modifications and analyses necessary to maintain and/or increase spent fuel pool capacity; fuel

selection for dry fuel storage; selection of fuel assemblies for placement into dry storage; nuclear fuel characterization for the purpose of loading to dry storage.

5. **R. Marsh Nippes**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Nippes is a current Entergy employee identified as Manager, Financial Business Partners who may have knowledge about financial Systems, documentation and accounting practices employed by Grand Gulf to monitor, track, and record costs at Grand Gulf for O&M and capital budgets and spending related to ongoing spent fuel management, acquisition of dry cask systems and all related property and equipment, and labor costs associated with increased security measures as a result of the dry fuel storage project at Grand Gulf.

6. **Tina Allen**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Ms. Allen is a current Entergy employee identified as Manager, Security who may have knowledge about modifications to security measures as a result of Independent Spent Fuel Storage Installation ("ISFSI") construction and ongoing dry fuel storage efforts at Grand Gulf including, but not limited to, maintaining three security posts directly related to the presence of dry fuel storage at the site.

7. **Suzanne Leblang**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Ms. Leblang is a current Entergy employee identified as Manager, Fleet Dry Fuel Storage Services who may have knowledge about support for various aspects of the dry fuel storage project at Grand Gulf, including the implementation of dry cask storage, spent fuel management,

dry fuel storage and transportation issues, during the claim period; negotiation and implementation of a new fleetwide Holtec GSA associated with ongoing dry fuel storage needs at Grand Gulf. Issues pertaining to the administration of the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract") including, but not limited to, what amendments would be required in order for DOE to accept presently loaded Holtec canisters from the site.

**8. Jonathan Beckmann**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Beckmann is a current Entergy employee identified as Superintendent of Projects who may have knowledge about construction of an additional ISFSI to accommodate additional dry fuel storage to support ongoing site operations; modifications including, but not limited to, alterations to security perimeters and BREs as a result of ISFSI construction.

**9. Christopher Henderson**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Henderson is a current Entergy employee identified as Manager, Accounting Process & Controls who may have knowledge about the purpose, composition, and administration of material and payroll loaders at Grand Gulf.

**10. George "Joe" Adams**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Adams is a current Entergy employee identified as Manager, Property Accounting who may have knowledge about the purpose, composition, and administration of capital suspense loaders at Grand Gulf.

**11. Christopher Bakken III**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Bakken is Entergy's former Chief Nuclear Officer, Entergy Services LLC who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**12. Richie Boyd**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Boyd is a current Entergy employee identified as Support, Fleet Refueling Services who may have knowledge about development, construction and implementation of dry fuel storage at Grand Gulf Nuclear Station; plant modifications or other activities necessary to support dry storage; oversight of contracts and labor related to dry fuel storage and related supporting activities, purchase and upgrade of ancillary equipment to support dry storage.

**13. Charles Gears**
c/o Cullen Seltzer
Sands Anderson PC

Mr. Gears is Entergy's former Manager, Fleet Dry Fuel Storage Services who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**14. Wayne Madkin**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Madkin was identified in Entergy's document productions as Senior Manager, Key Agreements, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**15. David Murphy**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Murphy was identified in Entergy's document productions as Senior Manager, Supply Chain, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**16. Scott Kelley**
Romania (location otherwise unknown)

Mr. Kelly was identified in Entergy's document productions as Senior Manager, Fleet Fuel Services, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**17. Jeff Heckenberger**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Heckenberger was identified in Entergy's document productions as VP, Fleet Outage Services, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**18. Devon Price**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Price was identified in Entergy's document productions as Director, Fleet Outage Services, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**19. Mark Werner**
Location Unknown

Mr. Werner was identified in Entergy's document productions as Senior Project Manager, Fleet DFS, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**20. George E. Shampy**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Shampy was identified in Entergy's document productions as Senior Manager, Category Management, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**21. Kyle Sponholtz**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Sponholtz was identified in Entergy's document productions as Senior Manager, Fleet Dry Fuel Storage Services, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**22. John Lindley**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Lindley was identified in Entergy's document productions as VP, Chief Supply Chain Officer, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**23. Glenn Griffin**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Griffin was identified in Entergy's document productions as Director, Supply Chain, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**24. Christopher Costanzo**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Costanzo was identified in Entergy's document productions as Senior VP of operations, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**25. Beverly Raines**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Ms. Raines was identified in Entergy's document productions as an Entergy internal investigator. She may have knowledge about the reasons and bases for Entergy's disciplinary action against Mr. Gears, as well as the scope of the investigation.

**26. Steven Scheurich**
[redacted]

Mr. Scheurich is Entergy's former Vice President of Nuclear Decommissioning. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**27. Peter Norgeot, Jr.**
[redacted]

Mr. Norgeot is Entergy's former Executive Vice President and Chief Operating Officer. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**28. Thomas Duberville**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Duberville is a former Holtec employee who was identified in Entergy's document productions as Senior Alliance Manager, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**29. Evrim Kalfazade**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Kalfazade is a current Holtec employee who was identified in Entergy's document productions as Program Manager, Business Development, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**30. Robert Tindal**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Tindal is a current Holtec employee who was identified in Entergy's document productions as Senior Director of Projects, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**31. Joy Russell**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Ms. Russell is a current Holtec employee who was identified in Entergy's document productions as Senior Vice President, Business Development & Chief Communications Officer, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**32. Pierre Oneid**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Oneid is Holtec's former Senior Vice President and Chief Nuclear Officer who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**33. Krishna Singh**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Singh is Holtec's current Chief Executive Officer who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**34. Pankaj Chaudhary**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Chaudhary is Holtec's current President of Corporate Projects, Manufacturing & Supply Chian, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**35. George Vaughan**
c/o Thomas Hunt
Hogan Lovells

Mr. Vaughan is NAC's former vice president of business development, who may have knowledge about the technical aspects and specifications of NAC's cask system, the typical bid process for cask systems, as well as the discussions between NAC and Entergy.

**36. Paul Paradis**
c/o Charlie Ross
Wise Carter Child & Caraway, P.A.

Mr. Paradis is identified in Entergy documents as Director, Nuclear Decommissioning at Entergy. He may have knowledge about the relationship between Entergy's negotiations related

to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**37. Mark Osborne**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Osborne is identified in documents as Project Procurement Leader II, Supply Chain at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**38. Barrett Green**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Green is vice president and treasurer at Entergy, and is the former VP, commercial operations for Entergy Wholesale Commodities. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**39. P.L. Swigart**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Swigart is identified in documents as Director Finance, Nuclear Decommissioning at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**40. Michael Tessier**

c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Tessier is identified in Entergy documents as Project Manager, Nuclear Decommissioning Organization at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**41. Bill Mohl (Retired)**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Mohl is the former President of Entergy Wholesale Commodities. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**42. Andrew Rosenlieb**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Rosenlieb is identified in documents as Vice President at Entergy Nuclear Generation Company (ENGC). He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**43. Jeff Wagner**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Wagner is identified in documents as Manager – Site Closure and Restoration at Entergy Wholesale Commodities Nuclear Decommissioning Organization. He may have

knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**44. Eddie Peebles**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Peebles is identified in documents as Vice President of Entergy Nuclear Holding Company #1 . He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**45. Ken Swanger (Retired)**
[redacted]

Mr. Swanger is the former Project Manager, Nuclear Decommissioning Organization at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**46. Patrick McKenney**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. McKenney is identified in documents as Senior Manager, Supply Chain Capital Projects and Decommissioning. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**47. Michael Catino**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Catino is identified in documents as Manager, Nuclear Supply Chain at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**48. David Bauer**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Bauer is identified in documents as Decommissioning Program Manager at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

B. The Location And Description Of Documents, Data Compilations, And Tangible Things Upon Which Defendant May Rely In Support Of Its Defenses

The documents upon which the United States may rely as affirmative evidence in this case have been produced by the United States, Entergy, Holtec, and NAC or otherwise disclosed in the United States' discovery responses and expert reports.

C. Computation of Damages

The United States has not brought a counterclaim for damages at this time and, therefore, need not provide a computation of damages.

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

LISA L. DONAHUE
Assistant Director

s/Evan Wisser
EVAN WISSER
Senior Trial Counsel
NATALEE A. ALLENBAUGH
DANIEL D. FALKNOR
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-3682
Email: evan.wisser@usdoj.gov
*Attorneys for Defendant*

Dated: September 16, 2026

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 16th day of September 2026, I caused to be sent via electronic mail the Government's Third Amended Initial Disclosures to the following parties and their counsel:

System Energy Resources, et al.
c/o Charles E. Ross
401 East Capitol Street, Suite 600
Jackson, MS 39201

s/Evan Wisser
Evan Wisser

[redacted]

# Exhibit 2

## Plaintiffs' Sur-reply to Government's Reply in Support of Motion for Leave to File Amended Answer

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ENTERGY LOUISIANA, LLC,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant,<br>and<br>HOLTEC INTERNATIONAL,<br>Intervenor. | No. 24-118C<br>Judge Holte |

DEFENDANT'S SECOND AMENDED INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1)(A) of the Rules of the United States Court of Federal Claims, defendant, the United States, provides the following amended initial disclosures. The United States reserves the right to amend or supplement these disclosures.

A. Individuals Likely To Possess Discoverable Information Upon Which Defendant May Rely In Support Of Its Defenses

The United States provides this updated list of individuals likely to have discoverable information that we may use to support our claims or defenses. As discovery is ongoing, we will continue to supplement this list as new information arises. We also refer plaintiff to the witnesses already identified on plaintiff's disclosures, to the extent not duplicated here.

1. **Constance Barton**
c/o Evan Wisser
U.S. Department of Justice

Ms. Barton is the former Contracting Officer and former Director of the Office of Standard Contract Management at the U.S. Department of Energy who has knowledge about

DOE positions regarding contractual obligations, status of DOE performance, future DOE performance, and other relevant DOE activities. In addition, Ms. Barton has knowledge of payments made to nuclear power plant owners under settlement agreements for breach of the Standard Contract.

**2. Kurt Espiritu**
c/o Evan Wisser
U.S. Department of Justice

Mr. Espiritu is a Supervisory Nuclear Utility Specialist in the Office of Standard Contract Management at the U.S. Department of Energy. He has knowledge of payments made to nuclear power plant owners under settlement agreements for breach of the Standard Contract.

**3. Thomas Pasko**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Mr. Pasko is a current Entergy employee identified as Dry Cask Project Manager, Senior Staff who may have knowledge about dry fuel storage and dry fuel storage planning at Waterford 3; evaluation of the need for additional dry storage at the Waterford 3 site during the claim period.

**4. Renetta Deroche**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Ms. Deroche is a current Entergy employee identified as Manager, Financial Business Partners who may have knowledge about documentation and accounting practices employed by Plaintiff to monitor, track, and report costs at Waterford 3, including costs related to ongoing spent fuel management of dry cask systems and all related property and equipment, in addition to other costs associated with the presence of dry storage on site.

5. **Joseph Coss**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Mr. Coss is a current Entergy employee identified as Manager, Security who may have knowledge about Spent fuel management including, but not limited to, analyses relating to spent fuel pool capacity; fuel selection for dry fuel storage; selection of fuel assemblies for placement into dry storage; nuclear fuel characterization for the purpose of loading to dry storage.

6. **Alyxandria Wszolek**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Ms. Wszolek is a current Entergy employee identified as Supervisor, Reactor Engineering who may have knowledge about spent fuel management including, but not limited to, analyses relating to spent fuel pool capacity; fuel selection for dry fuel storage; selection of fuel assemblies for placement into dry storage; nuclear fuel characterization for the purpose of loading to dry storage.

7. **Suzanne Leblang**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Ms. Leblang is a current Entergy employee identified as Manager, Fleet Dry Fuel Storage Services who may have knowledge about support for various aspects of the dry fuel storage project at Waterford 3, including the implementation of dry cask storage, spent fuel management, dry fuel storage and transportation issues, during the claim period; negotiation and implementation of a new fleetwide Holtec GSA associated with ongoing dry fuel storage needs at Waterford 3; issues pertaining to the administration of the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract") including, but not limited to, what amendments would be required in order for DOE to accept presently loaded Holtec canisters from the Waterford 3 site.

**8. Christopher Henderson**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Mr. Henderson is a current Entergy employee identified as Manager, Accounting Process & Controls who may have knowledge about the purpose, composition, and administration of the material and payroll loaders at Waterford 3.

**9. George "Joe" Adams**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Mr. Adams is a current Entergy employee identified as Manager, Property Accounting who may have knowledge about the purpose, composition, and administration of the capital suspense loaders at Waterford 3.

**10. Christopher Bakken III**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Mr. Bakken is Entergy's former Chief Nuclear Officer, Entergy Services LLC who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**11. Charles Gears**
c/o Cullen Seltzer
Sands Anderson PC

Mr. Gears is Entergy's former Manager, Fleet Dry Fuel Storage Services who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**12. Wayne Madkin**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Madkin was identified in Entergy's document productions as Senior Manager, Key Agreements, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**13. David Murphy**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Murphy was identified in Entergy's document productions as Senior Manager, Supply Chain, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**14. Scott Kelley**
Romania (location otherwise unknown)

Mr. Kelly was identified in Entergy's document productions as Senior Manager, Fleet Fuel Services, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**15. Jeff Heckenberger**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Mr. Heckenberger was identified in Entergy's document productions as VP, Fleet Outage Services, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**16.** **Devon Price**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Price was identified in Entergy's document productions as Director, Fleet Outage Services, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**17.** **Mark Werner**
Location Unknown

Mr. Werner was identified in Entergy's document productions as Senior Project Manager, Fleet DFS, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**18.** **George E. Shampy**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Mr. Shampy was identified in Entergy's document productions as Senior Manager, Category Management, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**19.** **Kyle Sponholtz**
c/o Robin F. Bromberg
Langley & Bromberg LLC

Mr. Sponholtz was identified in Entergy's document productions as Senior Manager, Fleet Dry Fuel Storage Services, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**20. John Lindley**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Lindley was identified in Entergy's document productions as VP, Chief Supply Chain Officer, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**21. Glenn Griffin**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Griffin was identified in Entergy's document productions as Director, Supply Chain, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**22. Christopher Costanzo**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Costanzo was identified in Entergy's document productions as Senior VP of operations, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**23. Beverly Raines**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Ms. Raines was identified in Entergy's document productions as an Entergy internal investigator. She may have knowledge about the reasons and bases for Entergy's disciplinary action against Mr. Gears, as well as the scope of the investigation.

**24. Steven Scheurich**
[redacted]

Mr. Scheurich is Entergy's former Vice President of Nuclear Decommissioning. He may have knowledge about the relationship between Entergy's negotiations related to the northern

fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

25. **Peter Norgeot, Jr.**
[redacted]

Mr. Norgeot is Entergy's former Executive Vice President and Chief Operating Officer. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

26. **Thomas Duberville**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Duberville is a former Holtec employee who was identified in Entergy's document productions as Senior Alliance Manager, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

27. **Evrim Kalfazade**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Kalfazade is a current Holtec employee who was identified in Entergy's document productions as Program Manager, Business Development, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

28. **Robert Tindal**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Tindal is a current Holtec employee who was identified in Entergy's document productions as Senior Director of Projects, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**29. Joy Russell**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Ms. Russell is a current Holtec employee who was identified in Entergy's document productions as Senior Vice President, Business Development & Chief Communications Officer, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**30. Pierre Oneid**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Oneid is Holtec's former Senior Vice President and Chief Nuclear Officer who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**31. Krishna Singh**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Singh is Holtec's current Chief Executive Officer who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**32. Pankaj Chaudhary**
c/o Jay Silberg
Pillsbury Winthrop Shaw Pittman LLP

Mr. Chaudhary is Holtec's current President of Corporate Projects, Manufacturing & Supply Chian, who may have knowledge about Entergy's decision-making process related to the Holtec southern fleet dry fuel storage services contract.

**33. George Vaughan**
c/o Thomas Hunt
Hogan Lovells

Mr. Vaughan is NAC's former vice president of business development, who may have knowledge about the technical aspects and specifications of NAC's cask system, the typical bid process for cask systems, as well as the discussions between NAC and Entergy.

**34. Paul Paradis**
c/o Charlie Ross
Wise Carter Child & Caraway, P.A.

Mr. Paradis is identified in Entergy documents as Director, Nuclear Decommissioning at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**35. Mark Osborne**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Osborne is identified in documents as Project Procurement Leader II, Supply Chain at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**36. Barrett Green**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Green is vice president and treasurer at Entergy, and is the former VP, commercial operations for Entergy Wholesale Commodities. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to

engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**37. P.L. Swigart**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Swigart is identified in documents as Director Finance, Nuclear Decommissioning at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**38. Michael Tessier**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Tessier is identified in Entergy documents as Project Manager, Nuclear Decommissioning Organization at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**39. Bill Mohl (Retired)**
c/o Charles Ross
Wise Carter Child & Caraway, P.A.

Mr. Mohl is the former President of Entergy Wholesale Commodities. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet

plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**40. Andrew Rosenlieb**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Rosenlieb is identified in documents as Vice President at Entergy Nuclear Generation Company (ENGC). He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**41. Jeff Wagner**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Wagner is identified in documents as Manager – Site Closure and Restoration at Entergy Wholesale Commodities Nuclear Decommissioning Organization. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**42. Eddie Peebles**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Peebles is identified in documents as Vice President of Entergy Nuclear Holding Company #1 . He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**43. Ken Swanger (Retired)**

[redacted]

Mr. Swanger is the former Project Manager, Nuclear Decommissioning Organization at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**44. Patrick McKenney**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. McKenney is identified in documents as Senior Manager, Supply Chain Capital Projects and Decommissioning. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**45. Michael Catino**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Catino is identified in documents as Manager, Nuclear Supply Chain at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

**46. David Bauer**
c/o Charles Ross
Wise Carter Child & Caraway, P.A

Mr. Bauer is identified in documents as Decommissioning Program Manager at Entergy. He may have knowledge about the relationship between Entergy's negotiations related to the

northern fleet plants and Entergy's decision to engage with Holtec on a sole-source basis for the southern fleet dry fuel storage services contract.

B. The Location And Description Of Documents, Data Compilations, And Tangible Things Upon Which Defendant May Rely In Support Of Its Defenses

The documents upon which the United States may rely as affirmative evidence in this case have been produced by the United States, Entergy, Holtec, and NAC or otherwise disclosed in the United States' discovery responses and expert reports.

C. Computation of Damages

The United States has not brought a counterclaim for damages at this time and, therefore, need not provide a computation of damages.

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

LISA L. DONAHUE
Assistant Director

s/Evan Wisser
EVAN WISSER
Senior Trial Counsel
NATALEE A. ALLENBAUGH
DANIEL D. FALKNOR
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-3682
Email: evan.wisser@usdoj.gov
*Attorneys for Defendant*

Dated: September 16, 2026

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 16th day of September 2026, I caused to be sent via electronic mail the Government's Second Amended Initial Disclosures to the following parties and their counsel:

Entergy Louisiana
c/o Robin F. Bromberg
LANGLEY & BROMBERG LLC
2700 U.S. Highway 280
Suite 350E
Birmingham, Alabama 35223

s/Evan Wisser
Evan Wisser