IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Redacted Version**

**SYSTEM ENERGY RESOURCES, INC., et al.,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**and**

**HOLTEC INTERNATIONAL, LLC,**

**Intervenor.**

**ENTERGY LOUISIANA, LLC,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**and**

**HOLTEC INTERNATIONAL, LLC,**

**Intervenor.**

**No. 23-78C and 23-118 (Consolidated)**

**Judge Holte**

**PLAINTIFFS' RESPONSE TO COURT SCHEDULING ORDER AND REPLY TO GOVERNMENT STATEMENT ON PROPOSED REDACTIONS**

Plaintiffs Systems Energy Resources, Inc., Systems Fuels, Inc., and Entergy Louisiana, LLC (together, "Plaintiffs or "Entergy") respond as follows to the Court's Briefing Order, Dkt. 168, and the Government's "Response to Plaintiff's Proposed Redactions," Dkt. 174 ("Response" or "Resp."):

* * *

The Government's Response rests on the fiction that the Government is not required to take a position on appropriate redactions because Plaintiffs have "not yet provided a justification" for maintaining the confidentiality of the Government's Motion for Leave to Amend, Dkt. 160 ("Motion to Amend"), and proposed amended pleading, Dkt. 160-1 ("Amended Answer"). Resp. at 2. Not so. As reflected in Plaintiffs' Response to Defendant's Motion for Leave to Amend and Cross-Motion to Strike, Dkt. 175 ("Plaintiffs' Opposition and Cross-Motion to Strike"), Plaintiffs have taken the position that the allegations in Government's Motion to Amend and Amended Answer are so inconsistent with controlling law, poorly pled, lacking in factual support, and fundamentally scandalous, that they must be stricken from the Court's docket and removed from public view. The Government disagrees.

Nevertheless, Plaintiffs asked that the Government provide its view of what should be sealed. The Government proposed redacting only price information, a position that Plaintiffs pointed out was inconsistent with the guidance provided in the Court's August 22, 2025 Order. *See* Dkt. 71). The parties therefore agreed to a briefing schedule in which the Government insisted that it be the first to file and then, perplexingly, filed a Response that refused to take a position on redactions. The Government also sought to roll disputes about other filings into its cursory Response, which Plaintiffs now address out of an abundance of caution.[1]

The throughline in these disputes is plain. In each case—including the Government's recent statement feigning ignorance of Entergy's position, *see* Resp. at 2—the Government plays procedural games to slip its affirmative defense into the record despite knowing that the Court has

[1] The other filings are Plaintiffs' "Sealed Motion to Compel 30(b)(6) Testimony," Dkt. 161, the Government's "Unopposed Motion to Modify Docket Text," Dkt. 163, and "Defendant's Opposition to Plaintiffs' Motion to Compel and Cross-Motion for Protective Order," Dkt. 166. As the Parties have reached agreement regarding redactions to the Motion to Compel, Dkt. 161, that filing will not be discussed.

not accepted—and will likely never accept—the allegations underlying that defense. The Government should not benefit from its ongoing gamesmanship. Instead, the Court should hold the Government to its statement taking "no position [on] the propriety of" the relief it has long known Entergy seeks, *id.*, and weigh the Government's non-opposition in favor of maintaining the seal. Plaintiffs maintain their position that submissions related to the Amended Answer at Dkts. 160, 160-1, and 160-2 should be stricken, an issue that will be fully briefed contemporaneously with the filing of this response.[2] To unseal the Amended Answer and related submissions before the Plaintiffs' Cross-Motion to Strike is decided would effectively and improperly deny Plaintiffs the relief they request without evaluating the merits. At a minimum, the Court should defer resolution of the sealing issues until it determines whether the proposed amendment asserting a forfeiture defense should be permitted (it should not). If Plaintiffs' Cross-Motion to Strike is not granted, the parties can reconvene once a decision on the Motion to Amend is issued to attempt to reach an agreement on the sealing issues informed by the Court's ruling and guidance.

## I. ENTERGY'S POSITION ON GOVERNMENT'S MOTION FOR LEAVE TO AMEND AND PROPOSED AMENDED COMPLAINT (DKTS. 160, 160-1, 160-2)

### A. The Public's Interest in the Government's Proposed Pleading is Minimal and Insufficient to Overcome Entergy's Private Interests

As this Court knows, "the common law right of access [to court records] is not absolute." *Apple, Inc. v. Samsung Elec. Co., Ltd.*, 727 F. 3d 1214, 1221, 1228–29 (Fed. Cir. 2013). Rather, "[m]odern cases on the common-law right of access say that the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial

---

[2] If the Court grants the Motion to Strike, Plaintiffs reserve the right to seek orders striking the remaining briefs connected to the Government's Amended Answer. As of the date of filing, these include, at least, Unopposed Motion to Modify Docket Text at Dkt. 163, Plaintiffs' Opposition and Cross-Motion to Strike at Dkt. 175 plus exhibits; Government's Reply and Opposition to Cross-Motion at Dkt. 180 , and Entergy's forthcoming reply filings.

power and resultant value of such information to those monitoring the federal courts." *IDT Corp. v. EBay*, 709 F.3d 1220, 1224 (8th Cir. 2013) (cleaned up, collecting cases). "When a document plays only a negligible role in a court's exercise of its Article III duties, the public's interest in access to the document is weak and the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Lusk v. Akradi*, No. 15-1911 (JRT/BRT), 2018 WL 1634408, at *2 (D. Minn. Apr. 5, 2018) (cleaned up).

Such is the case here. The filing at issue is a *proposed amended answer*, a document with no legal force or "role . . . in the exercise of Article III judicial power" unless and until the Court gives the Government leave to file it. *Lusk*, 2018 WL 1634408, at *2 (citation omitted); *see also Hoover v. Blue Cross and Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.") (citations and quotation marks omitted); *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985) ("Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity."). The public interest in such a document is "negligible," and unsealing these submissions would only further the Government's apparent goal of forcing Entergy to endure the embarrassment of the Government's baseless and impertinent allegations. *See Hairston v. Royal Building Prods, Inc.*, No. 1:18-cv-00003, 2019 WL 366863, at *2 (W.D. Va. Jan. 30, 2019) (granting motion to seal and holding that "[b]ecause the proposed amended complaint will not be operative, . . . allowing it to be filed under seal will not harm the public's interest in accessing court records."); *see also Accenture Global Servs. GMBH v. Guidewire Software, Inc.*, 631 F. Supp. 2d 504, 510 (D. Del. 2009) (denying motion to unseal "answer and counterclaims [that recited]

hearsay out of context from documents designated as confidential that may not otherwise ever be exposed to public scrutiny at trial" and faulting the defendant for using its amended pleading "to inflame, not inform."). As the court did in *Guidewire*, this Court should refuse to permit a litigant (especially one represented by the Department of Justice) to "use the judicial process" and its presumption of public access as a weapon "in a larger public relations fight," particularly when the pleading at issue consists almost exclusively of "hearsay [taken] out of context from documents designated as confidential that may not otherwise ever be exposed to public scrutiny." *Guidewire*, 631 F. Supp. 2d at 510; *see generally* Dkts. 160-1, 160-2.[3]

For all these reasons, the Court should maintain the seal permanently, at least until it resolves the Government's Motion to Amend and Plaintiffs' Cross-Motion to Strike. If the Cross-Motion to strike is granted, all the sealing issues addressed in this brief will become moot. *See generally* Dkt. 175. The Court should maintain the seal on Docket Nos. 160, 160-1, and 160-2.

**B. The Government's (Presumed) Counterarguments Are Unconvincing**

As noted previously, the Government has declined to take a position on the confidentiality of the documents it placed at issue in its Response despite agreeing to a court-ordered briefing schedule that required it to do so. Notwithstanding the public's general interest in accessing Court documents, private parties should not be required to guess the Government's intentions each time they assert their own right to privacy.

Nonetheless, Entergy anticipates that the Government will make two arguments against sealing. First, the Government will probably argue that its amended answer is likely to be accepted,

[3] To name a few of the more egregious examples, the Government's pleading selectively quotes private text messages without providing any source material or the full context for those communications. *See e.g.*, Dkt. 160-1 ¶¶ 125–26. It also purports to rely on employee statements, discussions held at private meetings, internal emails, and privileged discussions with Entergy's counsel—all without a shred of supporting documentation or even a citation sufficient to identify the relevant materials in the record. *See, e.g.*, *id.* ¶¶ 85–90, 100, 111.

and therefore, that it should be treated as a live pleading rather than a proposed pleading for purposes of the Parties' dispute. Second, Entergy expects the Government to argue that the Federal Circuit's dicta in *Global K9 Protection Group, LLC v. United States* mandates denial of Entergy's sealing request. Resp. at 2 (citing *Global K9*, 175 F.4th 1348, 1355–57 (Fed. Cir. 2026)). Neither is persuasive.

With respect to the first argument, the Court does not need to resolve the Parties' dispute on the merits of the Government's motion for leave to decide the sealing question before it. Rather—as *Capstone Associated Services by and through Capstone Holdings Corporation v. United States* ("*Capstone*") illustrates—the mere existence of a dispute supports maintaining the seal on the Government's filing, subject to a future motion to unseal once the Court determines the proposed amended answer's status. No. 913T, 2022 WL 2282500, at *2 (Ct. Fed. Cl. Jun. 23, 2022). In *Capstone*, Government sought to unseal material portions of a complaint it believed would "be necessary to understand possible future Court decisions." *Id.* However, the Court rejected the bulk of the Government's request, holding that unsealing a complaint based on the public's right to understand future merits rulings would be "premature" because such a step would necessarily be completed before the Court "know[s] what information such future rulings (if any) will cite to and rely on." *Id.*[4] The same principle applies to the Government's proposed amended answer, which may—or may not—be necessary to "ensure the public's understanding of the Court's ultimate decision" in this case, depending on whether the Court accepts it as the Government's operative pleading. *Id.* at *1. Moreover, the Court will be better positioned to balance the public and private interests at stake here once it has evaluated the Motion to Amend—

[4] *Capstone* did allow a portion of the relevant complaint—the names of certain owners of the Plaintiff's business—to be unsealed, but only because the Plaintiff had included those names in publicly filed documents. *Id.* at *1–2. No such issue arises in this case.

most notably, whether the proposed amendment is futile. Consequently, to the extent the Parties' ongoing dispute about the propriety of amendment provides an additional reason for the Court to maintain the seal until it rules on the proposed amended answer's status and obtains all information needed to evaluate the nature and strength of the public's interest in disclosure of that document.

Delaying resolution of the sealing dispute until after determination of the pending Motion to Amend and Cross-Motion to Strike would also promote judicial economy, since a favorable ruling on the latter motion would remove the offending filing from the docket and moot the Parties' sealing dispute.

The two pages of dicta the Government extracts from *Global K9* do not support a different result. Resp. at 2 (citing 175 F.4th at 1355–57). As an initial matter, *Global K9* addressed the propriety of a motion to intervene—not a motion to seal or redact—and it *rejected* that motion as untimely notwithstanding the intervenor's argument that irregularities in sealing procedure contributed to its delay. *Global K9*, 175 F.4th at 1351–52. To the extent *Global K9* matters at all, that case merely restates the general rule that Parties seeking to seal pretrial documents must show that their privacy interests outweigh the public's general interest in accessing court documents. *Id.* at 1356. There is no conflict between that rule and cases like *IDT Corporation*, which clarify that "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." 709 F.3d at 1224 (citation omitted). In fact, the *Global K9* panel implicitly endorsed *IDT Corporation*'s framework by singling out "complaints, in particular," for special treatment on the theory that review of a complaint is "almost always necessary if the public is to understand a court's decision." *Global K9*, 175 F.4th at 1356 (citations omitted); *see also Apple, Inc.*, 727 F.3d at 1226 ("The presumption in favor of public access to court documents is

based on promoting the public's understanding of the judicial process") (citations and quotations omitted). *Global K9* is thus wholly consistent with Entergy's request to seal the Government's proposed amended answer, especially as the filing at issue is a proposed amended answer, not an operative "complaint," an answer, nor any sort of live pleading. As detailed above, different considerations apply to such documents, particularly as it is not yet clear whether the Government's proposed answer will ever become its operative pleading. *Hairston*, 2019 WL 366863, at *2; *see also Capstone*, 2022 WL 2282500, at *1–2.

## II. ENTERGY'S POSITION ON REDACTIONS TO DOCKET NO. 163 (UNOPPOSED MOTION TO MODIFY DOCKET TEXT)

The Government also requests Entergy's position on redactions to Docket No. 163, the Government's Unopposed Motion to Modify Docket Text associated with the Government's proposed amended answer. *See* Resp. at 1. Entergy maintains that the words "to assert an affirmative defense of forfeiture due to fraud under 28 USC 2514" should be redacted from Docket No. 163 wherever they appear. *See* Dkt. 163 at 1.[5] These are the same words the Government's motion sought to remove from the Court's docket.

Entergy's request is justified for essentially the same reasons as its request to seal the Motion to Amend and its exhibits. As noted, the public interest in false allegations in a legally futile proposed amended pleading is *de minimis*. The public's interest in a phrase describing that pleading in a procedural motion is even smaller. *See Capstone*, 2022 WL 2282500, at *2 (noting that the fact that "[t]he Court has issued just one opinion in this case, which addressed largely procedural matters" reduced the strength of public interest in confidential material). Moreover, permitting the Government to reveal the substance of its futile—and presently sealed—affirmative defense by way of a filing designed to *correct* the Government's prior improper disclosure of that

[5] This phrase appears twice on the first page of the motion to modify. *See* Dkt. 163 at 1.

defense creates perverse incentives for future editorializing by the Government on the Court's docket.

The Court should therefore hold that the interests Entergy identified above, including its interest in avoiding disclosure of false and defamatory allegations in a futile pleading, its interest in securing full relief on its motion to strike those allegations from the docket, and the Court's interests in preventing weaponization of the judicial process for "public relations" purposes, outweigh the public's negligible interest in reading the phrase Entergy wishes to redact. *See Guidewire*, 631 F. Supp. 2d at 510. The Court should further order redaction to protect the integrity of its ruling on the Motion to Modify, *see* NON-PDF August 19, 2026 Order,, which the Government seeks to circumvent by unveiling a subsequent filing containing the precise docket text that Order addressed. *Guidewire*, 631 F. Supp. 2d at 510 ("[T]he court, too, has an interest in secrecy where maintaining secrecy promotes the integrity of the judicial process.").

## III. ENTERGY'S POSITION ON REDACTIONS TO DOCKET NO. 166 (GOVERNMENT'S "CROSS-MOTION AND RESPONSE TO ENTERGY'S MOTION TO COMPEL AND ATTACHMENTS")

Finally, with respect to Docket No. 166, Entergy requests that language describing the Government's proposed defense be redacted from two paragraphs in a letter attached to that filing. *See* Dkt. 166, Ex. B at 9. The relevant exhibit is a letter sent by the Government's counsel to offer positions on topics for a proposed 30(b)(6) deposition, one of which is "DOE's [Department of Energy's] Defense to Plaintiffs' Claims in this Case." *Id.* at 8. The letter predates the Government's decision to seek leave to plead its defense from this Court, and it takes the position that "[n]o DOE witnesses can testify on this topic [i.e., on the Government's affirmative defense]." *Id.*

Considering this context, the Court should hold that the reasons for sealing and redaction outlined above apply with particular force to the challenged language. At the time counsel wrote the paragraphs at issue, the Government had not yet included its affirmative defense in a proposal

to amend the pleadings. This makes such language somehow *less* significant than the Government's proposed amended pleading, which is itself a legal "nullity" until the Court grants leave to file. *Friedman*, 763 F.2d at 239; *Hairston*, 2019 WL 366863, at *2 (public interest in access to document not impaired by sealing non-operative pleading). Nor can the Government claim that its unsolicited discussion of the affirmative defense is necessary to understand its positions in the motion to compel or cross-motion for protective order. Indeed, the Government highlights that its "summary" of the affirmative defense is extraneous to its actual discovery objection (that "[n]o DOE witness can testify on this topic a [because the] United States' defenses in these cases are evaluated and developed by counsel for the United States [and] [any] input by DOE is privileged"), writing that it is "[n]onetheless" providing a summary only "to the extent there remains any ambiguity about the United States' defenses." Dkt. 166, Ex. B at 8–9. Obviously, no such "ambiguity" will remain once the Court adjudicates the Parties' motions and determines whether the Government may raise its affirmative defense.

In other words, the challenged portion of the Government's letter is a preview for a hit piece that will never make it off the cutting room floor. The public interest in such a document is insufficient to overcome the private interests outlined in this filing, even if the Court eventually determines that the Government may assert its meritless affirmative defense.

## IV. CONCLUSION

For all the foregoing reasons, the Court should permanently maintain the seal on Docket No. 160 (Government's Motion to Amend) and its attachments. Alternatively, the Court should maintain the seal, subject to the filing of a motion to unseal following resolution of the currently pending motions for leave to amend and to strike.

In either case, the Court should further order the Parties to file redacted copies of Docket Nos. 160 (Government's Motion to Amend), 161 (Sealed Motion to Compel 30(b)(6) Testimony),

163 (Unopposed Motion to Modify Docket Text), and 166 (Defendant's Opposition to Plaintiffs' Motion to Compel and Cross-Motion for Protective Order)—together with their attachments—consistent with this brief and the requirements of the applicable Protective Orders.

THIS the 25th day of September 2026.

Respectfully submitted,


*/s/Charles E. Ross*
Charles E. Ross
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600
Jackson, MS 39201
P.O. Box 651
Jackson, MS 39205-0651
(601) 968-5500
cer@wisecarter.com
*Counsel of Record for Plaintiffs System Energy Resources, Inc., Cooperative Energy, a Mississippi electric cooperative f/k/a South Mississippi Electric Power Association, and System Fuels, Inc.*

*/s/Robin F. Bromberg*
Robin F. Bromberg
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 350E
Birmingham, Alabama 35223
(205) 783-5752
robin@langleybromberg.com
*Counsel of Record for Plaintiff Entergy Louisiana, LLC*

**OF COUNSEL**

Samuel O. Morris IV
**ENTERGY SERVICES INC.**
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5476
Smorri5@entergy.com

Eric B. Langley
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 350E
Birmingham, Alabama 35223
(205) 783-5751
eric@langleybromberg.com

Jennifer Quinn-Barabanov
David Marcou
**STEPTOE, LLP**
1330 Connecticut Avenue NW
Washington, DC 20036
202-429-3000
jquinnba@steptoe.com
dmarcou@steptoe.com

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(d)(1)(A) of the Rules of the Court of Federal Claims, I, Charles E. Ross, counsel of record for Plaintiffs System Energy Resources, Inc., Cooperative Energy, a Mississippi electric cooperative f/k/a South Mississippi Electric Power Association, and System Fuels, Inc. (hereinafter, collectively, the "*SERI* Plaintiffs"), and I, Robin F. Bromberg, counsel of record for Entergy Louisiana, LLC (along with the *SERI* Plaintiffs, collectively, the "Plaintiffs") do hereby certify that we have this date caused to be served, via electronic correspondence, a true and correct copy of Plaintiffs' sealed Response to Court Scheduling Order and Reply to Government's Statement on Proposed Redactions on the following parties in the above-styled and numbered consolidated causes and their counsel:

EVAN WISSER
Senior Trial Counsel
DANIEL FALKNOR
Trial Attorney
Commercial Litigation Branch
Civil Division
DEPARTMENT OF JUSTICE
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-3682
Email: evan.wisser@usdoj.gov
*Attorneys for Defendant*

William M. Sullivan, Jr.
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
202-663-8027
Fax: 703-770-7901
wsullivan@pillsburylaw.com
*Attorney for Intervenor Holtec International*

THIS the 25th day of September 2026.

Respectfully submitted,

*/s/Charles E. Ross*
Charles E. Ross
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600
Jackson, MS 39201
P.O. Box 651
Jackson, MS 39205-0651
Tel: (601) 968-5500
Fax: (601) 944-7738
cer@wisecarter.com
*Counsel of Record for Plaintiffs System Energy Resources, Inc., Cooperative Energy, a Mississippi electric cooperative f/k/a South Mississippi Electric Power Association, and System Fuels, Inc.*

*/s/Robin F. Bromberg*
Robin F. Bromberg
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 350E
Birmingham, Alabama 35223
(205) 783-5752
robin@langleybromberg.com
*Counsel of Record for Plaintiff Entergy Louisiana, LLC*