**Redacted Version**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **SYSTEM ENERGY RESOURCES, INC., *et al.*,**<br><br>Plaintiffs,<br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant,<br>and<br><br>**HOLTEC INTERNATIONAL, LLC,**<br><br>Intervenor. | No. 23-78C and 23-118<br>(Consolidated)<br><br>Judge Holte |
| **ENTERGY LOUISIANA, LLC,**<br><br>Plaintiff,<br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant,<br>and<br><br>**HOLTEC INTERNATIONAL, LLC,**<br><br>Intervenor. | |

**PLAINTIFFS' RESPONSE TO THE GOVERNMENT'S**
**MOTION FOR LEAVE TO FILE CORRECTED DOCUMENT**

Plaintiffs do not object to the Government's Motion for Leave to File Corrected Documents (the "Motion")[1] because both the circumstances and substance of this submission demonstrate the absence of evidentiary support or reasonable inferences supporting the Government's fraud

[1] Dkt. 193.

allegations, thus requiring denial of the Government's underlying Motion to Amend[2] under Court of Federal Claims Rule 9(b).

## *I. The Government's Representations About the Reasons for the Corrections Are Incomplete, Misleading, and in Bad Faith*

The Government styles its Motion as one to file "corrected" documents but does not accurately disclose the errors that are being remedied. The Government represents that the Motion is the product of discussions with Holtec arising out of statements in the Amended Answer that "could be read to suggest" Holtec had a role in the fraud alleged by the Government.[3] The Government states that it "is not alleging any intent to defraud on the part of Holtec," and that the corrections are intended "to eliminate any ambiguity about the nature of the United States' allegations" vis-à-vis Holtec.[4]

Contrary to the Government's suggestion that these corrections are designed to prevent potential misinterpretation of ambiguous allegations, Plaintiffs understand that these corrections were prompted by Holtec's demand that the Government withdraw these allegations because they were not supported by evidence in the record or any reasonable inference that could be drawn therefrom. As part of those discussions Holtec notified the Government that unless these statements were withdrawn, Holtec would explore remedies available to it under the RCFC. In an apparent concession regarding the lack of evidentiary support for its claims, the Government acceded to Holtec's demands.

Courts differentiate between "good-faith" concessions and those made to avoid accountability for "assertion[s]" that "should never have been made" in the first place. *Penland v.*

---

[2] Dkt. 160.

[3] Dkt. 193 at 2.

[4] *Id.*

*United States*, No. 22-62L, 2026 WL 1981703, at *13 (Fed. Cl. July 7, 2026). Courts also recognize that tactical amendments intended to downsize and revise unsupported theories in order to avoid unfavorable results are indicative of bad faith. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981) ("Where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate."); *see also United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 200 (4th Cir. 2022) (affirming a finding of bad faith and denial of leave to amend where the party seeking leave to amend "changed substantive facts from one filing to the next" and made "misleading and inconsistent assertions" to the court) (citation modified); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 610 F. Supp. 2d 600, 652–53 (S.D. Tex. 2009) (denying leave to amend pleadings where the movant "deliberately chose to pursue a broad, innovative, and risky theory of scheme liability" that was rejected in other, controlling proceedings). The Government and the Motion to Amend fall on the wrong side of this authority.

The Government's failure to explicitly acknowledge the absence of evidentiary support for its allegations—in particular the Government's critical assertion that Entergy and Holtec somehow collaborated to inflate the prices at issue here—is an improper tactical move. Rather than acknowledge these evidentiary shortcomings or their impacts on the claimed motive for Entergy's alleged fraud, the Government, in the Joint Status Report filed earlier on the same day as the Motion, inaccurately represented that the revisions it seeks "do[] not change [the Government's] allegations or the grounds for [the Government's] defense[.]"[5] The Government also claimed that this assertion would be "explained in" the Motion—which did not happen.[6] The Government

[5] Dkt. 194 at 3.

[6] *Id.*

overreached. Plaintiffs understand that this overreach resulted in a threat of remedial action, and now the Government seeks to avoid the negative consequences of its incomplete and inaccurate assertions in its original filing. This constitutes bad faith.

As discussed in more detail below, the "corrections" implemented by the Government are not simply minor clarifications but go to the heart of the Government's claim that Entergy agreed to inflated spent nuclear fuel storage cask prices as a quid pro quo for Holtec's acquisition of Entergy's northern fleet plants. The Government's failure to acknowledge the broader impact of these corrections on its underlying theory of fraud represents bad faith.

## *II. The Corrections to the Proposed Amended Answer Further Exacerbate the Government's Failure to Satisfy RCFC 9(b)*

Even more so than its predecessor, the post-Motion proposed Amended Answer fails to satisfy RCFC 9(b), which requires the Government plead the "who, what, when, where, and how" of the alleged fraud. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326–27 (Fed. Cir. 2009); *King Auto., Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010 (C.C.P.A. 1981) (RCFC 9(b) requires "explicit rather than implied expression of the circumstances constituting fraud.").

By belatedly acknowledging that Holtec did not have "any intent to defraud," the Government has fatally undermined its theory of the case that Entergy agreed to Holtec's inflated prices as a quid pro quo in exchange for Holtec's acquisition of northern fleet plants—a theory that was already bereft of factual and legal support. Although the Government represents it defense is "focused on Entergy's actions with respect to the nonbid justification form,"[7] the Government's theory remains that the non-bid justification form was a means to a fraudulent end: specifically, that "Entergy knew it was paying inflated costs to Holtec," that it did so as part of a quid pro quo,

[7] Dkt. 193 at 2.

and that Entergy "falsified" a "justification document"—a "nonbid justification form" that does [redacted]—"to ensure that it could recover in this lawsuit the full amount of the inflated Holtec costs."[8] The alleged quid pro quo is central to Entergy's intent and begs the question: how can there be a quid pro quo between Entergy and Holtec, given the Government now concedes that Holtec had no intent to defraud? The corrected Amended Answer fails to answer this question.

The Government's baseless theory of Entergy's motive to defraud makes no sense unless Holtec was "in" on the alleged plan for Entergy to overpay. Having abandoned the unsupported factual claim that Holtec was working "with" Entergy, the Amended Answer details an arm's length negotiation between Entergy and Holtec. The Government's own proposed amended pleading acknowledges that Holtec, not Entergy, proposed the pricing for the dry fuel storage casks; that Entergy rejected multiple Holtec price proposals; and that Entergy [redacted] This active back and forth between Holtec and Entergy, which extended for more than a year, was part of a process that resulted in a definitive agreement between Entergy and Holtec (the 2020 General Services Agreement). Even before the corrections, the Government failed to identify a single document, communication or testimony to support its claim that Entergy and Holtec had either an explicit or implicit understanding that Entergy would overpay for casks in order to facilitate sales of northern fleet plants. Now, with the corrections, this absence of evidence is even more glaringly apparent.

[8] Dkt. 180 at 14.

The Government's corrected Amended Answer not only fails to provide the specificity required by RCFC 9(b), but fails the even more basic test of common sense. The greater complexity and implausibility of Entergy's apparently unilateral scheme to defraud now alleged by the Government demands explanation in the form of detailed allegations of the who, what, where and when of the claimed fraud. Who concocted and implemented this scheme to overpay? When and how was it communicated to Holtec (and by and to whom)? Who, what, when, and how did Entergy sustain a "sham" negotiation with Holtec for more than a year that arrived at what the Government claims was an inflated price? The continuing absence of any such details, especially in light of the "corrections" vis-à-vis Holtec, only further underscores the deficiencies of the proposed Amended Answer that require its rejection. .

With fact discovery closed and the Government having disavowed any intention to engage in more, the futility of the proposed Amended Answer is readily apparent. Defendants' Motion for Leave to Amend (Dk. 160) should be denied.

THIS the 21st day of October 2026.

Respectfully submitted,

*<u>/s/Charles E. Ross</u>*
Charles E. Ross
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600
Jackson, MS 39201
P.O. Box 651
Jackson, MS 39205-0651
(601) 968-5500
cer@wisecarter.com
*Counsel of Record for Plaintiffs System Energy Resources, Inc., Cooperative Energy, a Mississippi electric cooperative f/k/a South Mississippi Electric Power Association, and System Fuels, Inc.*

*<u>/s/Robin F. Bromberg</u>*
Robin F. Bromberg
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 350E
Birmingham, Alabama 35223
(205) 783-5752
robin@langleybromberg.com
*Counsel of Record for Plaintiff Entergy Louisiana, LLC*

**<u>OF COUNSEL</u>**

Samuel O. Morris IV
**ENTERGY SERVICES INC.**
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5476
Smorri5@entergy.com

Eric B. Langley
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 350E
Birmingham, Alabama 35223
(205) 783-5751
eric@langleybromberg.com

Jennifer Quinn-Barabanov
David Marcou
**STEPTOE, LLP**
1330 Connecticut Avenue NW
Washington, DC 20036
202-429-3000
JQuinnBarabanov@steptoe.com
DMarcou@steptoe.com

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(d)(1)(A) of the Rules of the Court of Federal Claims, I, Charles E. Ross, counsel of record for Plaintiffs System Energy Resources, Inc., Cooperative Energy, a Mississippi electric cooperative f/k/a South Mississippi Electric Power Association, and System Fuels, Inc. (hereinafter, collectively, the "*SERI* Plaintiffs"), and I, Robin F. Bromberg, counsel of record for Entergy Louisiana, LLC (along with the *SERI* Plaintiffs*,* collectively, the "Plaintiffs") do hereby certify that we have this date caused to be served, via electronic correspondence, a true and correct copy of Plaintiffs' sealed Response to the Government's Motion for Leave to File Corrected Document to the following parties in the above-styled and numbered consolidated causes and their counsel:

EVAN WISSER
Senior Trial Counsel
DANIEL FALKNOR
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-3682
Email: evan.wisser@usdoj.gov
*Attorneys for Defendant*

William M. Sullivan, Jr.
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
202-663-8027
Fax: 703-770-7901
wsullivan@pillsburylaw.com
*Attorney for Intervenor Holtec International*

THIS the 21st day of October 2026.

Respectfully submitted,

*/s/Charles E. Ross*
Charles E. Ross
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600
Jackson, MS 39201
P.O. Box 651
Jackson, MS 39205-0651
Tel: (601) 968-5500
Fax: (601) 944-7738
cer@wisecarter.com
*Counsel of Record for Plaintiffs System Energy Resources, Inc., Cooperative Energy, a Mississippi electric cooperative f/k/a South Mississippi Electric Power Association, and System Fuels, Inc.*

*/s/Robin F. Bromberg*
Robin F. Bromberg
**LANGLEY & BROMBERG LLC**
2700 U.S. Highway 280, Suite 350E
Birmingham, Alabama 35223
(205) 783-5752
robin@langleybromberg.com
*Counsel of Record for Plaintiff Entergy Louisiana, LLC*