IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SYSTEM ENERGY RESOURCES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>HOLTEC INTERNATIONAL,<br><br>Intervenor. | Nos. 23-78C and 24-118C<br>(Consolidated)<br>Judge Holte |
| ENTERGY LOUISIANA, LLC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>HOLTEC INTERNATIONAL,<br><br>Intervenor. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Pursuant to Rule 7.2 of the Rules of the Court of Federal Claims, defendant, the United States, respectfully submits this response to plaintiffs' motion for leave to file a sur-reply regarding the United States' motion for leave to file an amended answer. ECF No. 185. "[S]ur-

replies are generally disfavored. . . . As a strategic move, a non-movant will attempt to file a sur-reply as an effort to get the last word." *Am. Safety Council, Inc. v. United States*, 122 Fed. Cl. 426, 431 (2015) (citing cases). Entergy has not presented any valid basis to file a sur-reply here.

*First*, Entergy wrongly contends that a sur-reply is necessary to address what Entergy describes as new evidence that arose relating to prejudice after the plaintiff filed its opposition on September 11, 2026, to our motion for leave to file an amended answer. Entergy cites the updated Rule 26 disclosures served by the United States on September 16, 2026, listing thirteen additional Entergy executives and employees that the United States understands from the existing discovery record may have knowledge of factual matters relevant to our defenses. ECF No. 185-1 at 3-4. Entergy claims that these witnesses must have been added only to bolster our proposed affirmative defense and that the amended disclosures indicate our intent to take more fact discovery. *Id.* Entergy contends that this demonstrates a lack of candor by the United States, *id.* at 3, and that our amended disclosures prove that the amended answer would prejudice Entergy. *Id.* at 4.

Entergy is mistaken in every respect, in part because Entergy filed its motion for leave to file a sur-reply without conferring with counsel or the United States as required by RCFC 7.3. Entergy assumes too much from our amended Rule 26 disclosures, which were merely a housekeeping matter to update our disclosures at the end of discovery now that the discovery record is nearly complete. The United States does not intend to take any further fact discovery or seek any further fact depositions, beyond the pending depositions of Holtec executives to which the parties have already agreed. The United States listed additional Entergy executives and employees that Entergy's own documents demonstrated may have knowledge relevant to the United States' defenses. Even if the Court denies our motion for leave to amend our answer,

these witnesses would be relevant to our other defenses (lack of causation, lack of foreseeability, unreasonable mitigation). Our disclosure is wholly unrelated to our motion to amend or to the Court's ultimate ruling on our motion. Thus, our amended disclosures provide no basis for Entergy to file a sur-reply regarding our motion for leave to file an amended answer.

*Second*, Entergy contends that a sur-reply is necessary to further discuss the relevance of *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348 (Fed. Cir. 2013). ECF No. 185-1 at 4-8. Entergy cited to and discussed *Kellogg Brown & Root* in its opposition. ECF No. 175 at 16-18. The United States responded to Entergy's arguments in our reply, explaining that while *Kellogg Brown & Root* was not particularly relevant, the Federal Circuit's reasoning in that opinion fully supports our proposed amended answer. ECF No. 180 at 13-15. Because the United States was responding to an issue raised in Entergy's opposition, Entergy has no basis to seek a sur-reply. *Mohammed v. United States*, No. 21-2262, 2022 WL 627443, at *3 (Fed. Cl. Mar. 3, 2022) ("[A] sur-reply may only respond to 'new' arguments raised for the first time in a reply; they are not proper to *respond to arguments that reply to allegations in a response* or elaborate on arguments raised in the opening motion." (emphasis added)); *Am. Safety Council*, 122 Fed. Cl. at 431 ("The three issues that ASC contends are being raised for the first time, have either been raised by the Government in its initial brief *or responded to an issue raised in ASC's reply brief*." (emphasis added)).

For these reasons, the United States respectfully requests that the Court deny Entergy's motion for leave to file a sur-reply regarding the United States' motion for leave to file an amended answer

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

LISA L. DONAHUE
Assistant Director

s/Evan Wisser
EVAN WISSER
Senior Trial Counsel
NATALEE A. ALLENBAUGH
DANIEL D. FALKNOR
KRISTIN E. OLSON
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-3682
Email: evan.wisser@usdoj.gov
*Attorneys for the United States*

Dated: September 29, 2026

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 29th day of September, 2026, I sent via email a copy of the foregoing document to plaintiff's counsel, pursuant to paragraph 2 of the Court's Amended General Order No. 2026-01.

s/Evan Wisser